UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JEFFREY KATHMAN, on behalf of himself and others similarly situated,**

    Plaintiffs,

v.                                           Case No. 8:22-cv-2888-CEH-AAS

**FONBUENA LAW FIRM CHTD,**

    Defendants.

_____/

## ORDER

Defendant Fonbuena Law Firm Chtd (Fonbuena) moves the court to set aside the clerk's entry of default against it and allow it time to respond to the plaintiffs' amended complaint. (Doc. 12). Plaintiff Jeffrey Kathman responds in opposition. (Doc. 13).

On December 20, 2022, Mr. Kathman sued Fonbuena for violating 47 U.S.C. § 227, the Telephone Consumer Protection Act. (Doc. 1). The clerk issued the summons on December 21, 2022. (Doc. 7). On January 2, 2023, the process server served Fonbuena with the complaint and summons. (Doc. 9). Though Fonbuena was aware of Mr. Kathman's lawsuit and actively attempting to engage in settlement discussions with Mr. Kathman, Fonbuena failed to file an answer or response to Mr. Kathman's complaint. *See* (Doc. 12, Exs. 1–3). On February 6, 2023, Mr. Kathman successfully moved for clerk's

1

default under Federal Rule of Civil Procedure 55(a) because Fonbuena failed to respond. (Docs. 10, 11).

A court may set aside entry of a clerk's default for good cause. Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a liberal standard. *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v. Harell*, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming the district court's holding that "a bare minimum showing" will justify relief under Rule 55(c)). If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, a court may decline to set aside a clerk's default. *Burgos v. Valleycrest Golf Course Maintenance*, Case No. 2:10-cv-194-FtM-29SPC, 2010 WL 2243805, at *1 (M.D. Fla. June 4, 2010).

Mr. Kathman argues Fonbuena's repeated attempts to settle this dispute while failing to properly answer or respond to Mr. Kathman's complaint was "a strategic choice to forgo the filing of a timely response" constituting a willful default. (Doc. 13, p. 4). To support this position, Mr. Kathman cites heavily to *Martie v. M&M Bedding, Inc.*, 528 F. Supp. 3d 1252 (M.D. Fla. 2021). In *Martie*, much like the present matter, the defendant failed to meet pleading deadlines set out in the Federal Rules of Civil Procedure, choosing instead to engage in settlement discussions and discovery conferrals. *Id*. The Clerk in *Martie* (upon proper motion by the plaintiff) entered default against the plaintiff on April 13,

2

2020. *Id.* at 1255.

However, unlike in the present matter, the defendant in *Martie* continued well past the clerk's entry of default to confer with the plaintiff, only moving to set aside the default over two months after its entry on June 26, 2020. *Id.* The court in *Martie* concluded the defendant's behavior constituted "a deliberate choice . . . to forego any litigation activity in the hope that it could otherwise convince [the plaintiff] to dismiss this action." *Id.* The Court in *Martie* thus concluded the defendant willfully defaulted and denied its motion to set aside the default. *Id.* at 1256.

By contrast, though Fonbuena failed to meet the relevant pleading deadlines in the Federal Rules, Fonbuena filed the present motion four days after the Clerk's entry of default on February 10, 2023 (as "one would expect" of a defendant seeking relief from a clerk's default). *Id.* at 1255; (Doc. 12). By attaching to its motion a copy of its proposed answer to Mr. Kathman's complaint, Fonbuena has "acted promptly to correct the default and present a meritorious defense." *Martie*, 528 F. Supp. 3d at 1254. Mr. Kathman has thus not established Fonbuena's default was willful. Further, Mr. Kathman raises no argument as to whether he will be prejudiced by setting aside the default against Fonbuena. *See* (Doc. 13). The undersigned thus concludes good cause exists to set aside the default against Fonbuena in this matter.

It is **ORDERED**:

(1) Fonbuena's motion to set aside the clerk's default (Doc. 12) is **GRANTED**.

(2) Fonbuena must answer or otherwise respond to the plaintiffs' amended complaint by **Monday, March 6, 2023.**

**ENTERED** in Tampa, Florida on Monday, February 27, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge